# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM W. COLEMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. SOSA,<br><br>　　　　Defendant. | Case No. 1:21-cv-00825-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>TWENTY-ONE DAY DEADLINE |

　　　　Adam Coleman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　This case is proceeding on Plaintiff's Eighth Amendment sexual assault claim against defendant Sosa. (ECF No. 5).

　　　　On June 1, 2021, the Court issued an order directing service on defendant Sosa under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 6). The order included the following information regarding defendant Sosa: "***A. Sosa, who was employed at Golden State Modified Community Correctional Facility as a correctional officer on July 13, 2019***." (Id. at 1).

　　　　Defendant Sosa could not be electronically served because defendant A. Sosa could not be identified. (ECF No. 13). Service documents were forwarded to the United States Marshals Service ("USMS") for personal service on defendant Sosa.

On August 3, 2021, the USMS filed a return of service unexecuted. (ECF No. 14). According to the USMS, the USMS reached out to the litigation coordinator at Golden State Modified Community Correctional Facility. The USMS was informed that Sosa was contracted by the County of Kern and was not a California Department of Corrections and Rehabilitation employee. The USMS then reached out to Kern County and was informed that an A. Sosa works for Kern County, but A. Sosa is a male (the defendant in this case is a female). Accordingly, the USMS indicated that it is unable to identify or locate the correct A. Sosa.

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the USMS, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshals Service with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

As discussed above, the USMS was unable to locate and serve defendant Sosa with the

information provided by Plaintiff.

Accordingly, pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why the Court should not issue findings and recommendations to a district judge, recommending that this action be dismissed because of Plaintiff's failure to provide the USMS with accurate and sufficient information to effect service of the summons and complaint on defendant Sosa.  The Court will vacate this order to show cause if Plaintiff is able to provide the Court with additional relevant information or if Plaintiff requests the issuance of a third party subpoena so that he can attempt to identify defendant Sosa.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why the Court should not issue findings and recommendations to a district judge, recommending that this action be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m); and
2. Failure to respond to this order may result in this action being dismissed, without prejudice.

IT IS SO ORDERED.

Dated:   **August 5, 2021**                           /s/ Erica P. Grosjean
                                                       UNITED STATES MAGISTRATE JUDGE