UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM W. COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. SOSA,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00825-EPG (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 28 & 30) |

　　　　Adam Coleman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The parties have consented to magistrate judge jurisdiction and the case has been assigned to the undersigned "for all further proceedings including trial and entry of judgment."  (ECF No. 25).

　　　　On November 23, 2021, the Court issued an order requiring the parties to submit scheduling and discovery statements within thirty days.  (ECF No. 28).  On December 23, 2021, Defendant filed her scheduling and discovery statement.  (ECF No. 29).  Plaintiff did not file his statement, and his deadline to do so passed.  Accordingly, on February 4, 2022, the Court directed Plaintiff to file his statement.  (ECF No. 30).  Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this action."  (Id. at 2).

　　　　Plaintiff's deadline to file his statement has once again passed and Plaintiff once again failed to file his statement.

　　　　Accordingly, the Court will dismiss this case, without prejudice, because of Plaintiff's

failure to comply with court orders and failure to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. Here, Plaintiff's failure to file a scheduling conference statement as required by the Court's orders and to otherwise prosecute this action is delaying the case and interfering with docket management. Plaintiff's failure to file his statement has delayed this Court's ability to issue a scheduling order for over two months already, and Plaintiff still has not filed his statement. And without being able to issue a scheduling order, this case is stalled from progressing further with discovery and other case-related deadlines. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's orders, despite being warned of

possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use.  And as Plaintiff stopped prosecuting this case, excluding evidence would be a meaningless sanction.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.  Accordingly, IT IS ORDERED that:

1. This case is dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 16, 2022**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE